UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00820-SPG-AGR | Date | March 5, 2026 |
| Title | Padmini Anne Wye v. Barclays Bank, PLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND DENYING, AS MOOT, DEFENDANT QUALITY LOAN SERVICE CORPORATION'S MOTION TO DISMISS [ECF NOS. 11, 16]**

Before the Court is the Emergency Application for Restraining Order and Request for Preliminary Injunction, (ECF No. 16 ("Application")), filed by Plaintiff Padmini Anne Wye ("Plaintiff"). Also before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant Quality Loan Services Corporation ("QLS"). The Court has read and considered the Application and Motion and concluded that they are suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Application and DENIES, as moot, the Motion to Dismiss.

## I.     Factual Background

Plaintiff initiated this action on January 27, 2026, naming Defendants Barclays Bank, LP ("Barclays"); U.S Bank National Trust Association; QLS; Security National Master Holding Company, LLC; and Mortgage Electronic Registration Systems, Inc. ("Defendants"). (ECF No. 1). On February 19, 2026, QLS appeared in this action and filed the Motion to Dismiss. (ECF No. 11). On February 27, 2026, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 14 ("FAC")).

In the FAC, Plaintiff alleges that she is the owner of real property located at 849 Hacienda Circle, Paso Robles, CA 93446 (the "Property"). (*Id.* ¶ 15). Plaintiff alleges that she filed a voluntary Chapter 7 bankruptcy petition on September 30, 2025, invoking an automatic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00820-SPG-AGR | | Date | March 5, 2026 |
|---|---|---|---|---|
| Title | Padmini Anne Wye v. Barclays Bank, PLC, et al. | | | |

stay.[1] (*Id.* ¶ 20). The Property was claimed exempt under 11 U.S.C. § 522(l). (*Id.* ¶ 18). Plaintiff alleges that she filed a notice of removal pursuant to 28 U.S.C. § 1446(d) on January 20, 2026.[2] (*Id.* ¶ 24).

On January 27, 2026, Defendants caused a foreclosure sale to be conducted on the Property. (*Id.* ¶ 28). Plaintiff alleges that QLS received actual notice of the pending bankruptcy stay and notice of removal before the foreclosure. (*Id.* ¶ 32). Plaintiff alleges that, because of the bankruptcy stay and QLS's actual notice, the foreclosure sale is void. (*Id.* ¶ 34). Plaintiff also alleges that the foreclosure is invalid because Defendants do not possess the original promissory note, (*id.* ¶ 37), Barclays forfeited any security interest in the Property by ignoring UCC § 9-210, (*id.* ¶ 45), the Property is exempt from foreclosure under 11 U.S.C. § 522(l), (*id.* ¶ 50), and Defendants acted in excess of their authority by transferring the promissory note, (*id.* ¶ 54).

In the FAC, Plaintiff brings claims that she labels quiet title, declaratory relief, void foreclosure sale, lack of standing, UCC §§ 9-210 and 9-625(f) violations, exemption determination, and cancellation of written instruments. Among other forms of relief, Plaintiff seeks a declaration that the foreclosure sale was void, a declaration that Defendants have no interest in the Property, cancellation of certain void instruments, an injunction prohibiting Defendants from taking any action based on the foreclosure sale, and damages. (*Id.* at 21-23). The FAC is accompanied by numerous exhibits, including the bankruptcy petition, a notice of trustee's sale, and the exemption filing under § 522(l). *See* (ECF No. 14-1).

On February 27, 2026, Plaintiff filed the instant Application. (Application). In the Application, Plaintiff seeks a temporary restraining order ("TRO") prohibiting Defendants from possessing the Property, recording documents, evicting, transferring or encumbering the home, and acting under the void sale. (*Id.* at 5).

II.     **Legal Standard**

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical.") (citation omitted). A plaintiff may secure a temporary restraining order

---

[1] As discussed below, Plaintiff's own exhibits indicate that she is not a party to the underlying bankruptcy proceedings. *See* (ECF No. 14-1 at 3).

[2] Plaintiff's cited exhibits indicate that this allegation is referring to the filing of this action, which occurred on January 27, 2026, not January 20, 2026. *See* (ECF No. 14-1 at 4). Contrary to Plaintiff's allegations, this action was filed directly in federal court and was not removed from state court pursuant to 28 U.S.C. § 1446.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00820-SPG-AGR | Date | March 5, 2026 |
| Title | Padmini Anne Wye v. Barclays Bank, PLC, et al. | | |

upon establishing that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 555 U.S. at 24 (citing *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

In deciding an application for a temporary restraining order, the court is permitted to consider the parties' pleadings, as well as declarations, affidavits, and exhibits submitted in support of and in opposition to the application. *See Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2020 WL 1936701, at *6 (E.D. Cal. Apr. 21, 2020) ("[I]n considering a motion for a preliminary injunction, a court may consider and rely upon declarations, affidavits, and exhibits submitted by the parties.") (citations omitted); *Harper v. Poway Unified Sch. Dist.*, 345 F. Supp. 2d 1096, 1119–20 (S.D. Cal. 2004) (considering declarations submitted by defendants to deny plaintiff's request for a preliminary injunction); *BOKF, NA v. Estes*, 299 F. Supp. 3d 1117, 1122 (D. Nev. 2018). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citations omitted). The urgency of the relief sought necessitates a prompt determination and can make it difficult to obtain admissible evidence. *Id.*

### III.   Application for TRO

#### A.  Service of Process

As an initial matter, absent proof of service, the Court lacks personal jurisdiction over Defendants. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). The Court may not enjoin actions by a party over which it lacks personal jurisdiction. *See RPB SA v. Hyla, Inc.*, No. LA CV20-04105 JAK (SKx), 2020 WL 12187801, at *4 (C.D. Cal. June 9, 2020) ("A district court must have personal jurisdiction over the defendant to issue a temporary restraining order."); *Kelly v. Eckert*, No. 3:11-CV-949-BR, 2011 WL 3555795, at *2 (D. Or. Aug. 11, 2011) ("In the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00820-SPG-AGR | Date | March 5, 2026 |
|---|---|---|---|
| Title | Padmini Anne Wye v. Barclays Bank, PLC, et al. | | |

instance, however, a court must have jurisdiction to grant injunctive relief."); *Bryn Mawr Tr. Co. of Del. v. Evalueserve Holdings AG*, No. 25-cv-05986-RFL, 2025 WL 2076629, at *1 (N.D. Cal. July 23, 2025) ("To issue a temporary restraining order against an entity, a district court first must have personal jurisdiction over that entity.").

Here, Plaintiff seeks relief against five different Defendants but has not filed proof of service as to any Defendant. Notwithstanding the lack of service, QLS appeared in this action on February 19, 2026, and filed a motion to dismiss, which did not raise any arguments as to personal jurisdiction. *See* (ECF No. 11). Accordingly, the Court can exercise personal jurisdiction over QLS, including for purposes of the instant Motion. However, as to the remaining defendants, the Court lacks personal jurisdiction and cannot grant the requested injunctive relief. Accordingly, the Motion is DENIED insofar as it seeks relief against the four defendants that have not been served. As to QLS, however, the Court will consider the merits of the Motion.

### B. Likelihood of Success on the Merits

A temporary restraining order is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citation omitted). As the party moving for a TRO, Plaintiff bears the burden of establishing "by a clear showing" that she is likely to succeed on the merits of her claims. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Wright & Miller, Federal Practice & Procedure § 2948 (2d ed. 1995)).

Plaintiff has not met this burden. Indeed, Plaintiff's Motion is devoid of any meaningful argument as to why she is likely to succeed on the merits of her claims. For example, the entirety of her argument as to why she is likely to prevail on her claim that the foreclosure documents are void is as follows: "Exhibits D-F[.] VOID acts cannot cloud title." (Mot. at 4). Plaintiff's arguments as to her other claims are similarly deficient, consisting of no more than a reference to exhibits and a single sentence of argument. *See* (*id.* at 3-4). This is plainly insufficient. *See Doe v. Bd. of Trs. of Whitman Coll.*, 670 F. Supp. 3d 1155, 1163 (E.D. Wash. 2023) ("Plaintiff may not simply rest upon factual allegations; he must demonstrate that he is likely to prevail.").

Plaintiff offers no legal framework that governs any of her claims and no formal citations to any relevant statutes or case law, let alone analysis of these cases. While her FAC is slightly more fleshed out than the Motion, Plaintiff offers no analysis of why her allegations and supporting exhibits demonstrate that she is likely to prevail on her claims. In asking the Court to grant a TRO on such a bare showing, Plaintiff essentially asks the Court to do one of two things: (1) accept, without analysis, that she is likely to succeed on her claims; or (2) conduct an independent determination of the governing legal framework and case law, and determine without briefing whether Plaintiff is likely to succeed on the merits. Given that it is Plaintiff's burden to prove her likelihood of success on the merits, neither option is tenable. *See Panno*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00820-SPG-AGR | Date | March 5, 2026 |
| Title | Padmini Anne Wye v. Barclays Bank, PLC, et al. | | |

*v. Wells Fargo Bank, N.A.*, No. SA CV 16-0118-DOC (KESx), 2016 WL 7494896, at *5 (C.D. Cal. June 13, 2016) ("By simply pointing to allegations in his Complaint, Plaintiff has not met his burden to show it is likely he will succeed on his [] claim. Further, it is not the Court's duty to scour the record to find evidence in support of Plaintiff's claim.").

Because Plaintiff has not shown a likelihood of success on the merits, the Court DENIES the Application.[3]

### IV.    Motion to Dismiss

Finally, the Court addresses QLS's pending Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course not later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Here, Plaintiff filed her FAC on February 27, 2026, less than 21 days after QLS filed the Motion to Dismiss. Accordingly, the FAC is timely filed. Because the FAC was timely filed, it supersedes the initial complaint. Accordingly, the Court DENIES, as moot, the Motion to Dismiss, without prejudice to refiling a similar motion with respect to the FAC.

### V.    Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Application for a TRO, without prejudice to refiling an application that addresses the deficiencies identified in this Order. Additionally, the Court DENIES, as moot, QLS's Motion to Dismiss, without prejudice to refiling a similar motion with respect to the FAC.

**IT IS SO ORDERED.**

                                                                                    :

                                                    Initials of Preparer    pg

---

[3] The Court notes that Plaintiff's claims are premised on a violation of a bankruptcy stay, yet the exhibits attached to the FAC indicate that Plaintiff is not a party to the bankruptcy petition. *See* (ECF No. 14-1 at 3). Plaintiff may therefore also lack standing to bring these claims.