UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADMINI ANNE WYE,<br><br>               Plaintiff,<br><br>     v.<br><br>BARCLAYS BANK PLC; U.S. BANK NATIONAL TRUST ASSOCIATION, as trustee of the LB-Ranch Series V Trust; QUALITY LOAN SERVICE CORPORATION; SECURITY NATIONAL MASTER HOLDING COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-50,<br><br>               Defendants. | Case No. 2:26-cv-00820-SPG-AGR<br><br>**ORDER GRANTING DEFENDANT QUALITY LOAN CORPORATION'S MOTION TO DISMISS AND DENYING PLAINTIFF'S RENEWED APPLICATION FOR PRELIMINARY INJUNCTION [ECF NOS. 21, 29]** |

Before the Court are two Motions: (1) the Motion to Dismiss Plaintiff's First Amended Complaint, (ECF No. 21-1 ("Motion to Dismiss" or "MTD")), filed by Defendant Quality Loan Service Corporation ("QLS"); and (2) the Renewed Application for Preliminary Injunction Enjoining Recordation of Trustee's Deed, Title Transfer, and Eviction Pending Final Judgment on Void Foreclosure Sale, (ECF No. 29 ("Preliminary Injunction Motion" or "PI Motion")), filed by Plaintiff Padmini Anne Wye ("Plaintiff").

-1-

The Court has read and considered the Motions and concluded that they are suitable for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion to Dismiss and DENIES the Preliminary Injunction Motion.

## I.    BACKGROUND

### A.    Plaintiff's Allegations

The following factual background is taken from Plaintiff's First Amended Complaint ("FAC") and supporting exhibits.  (ECF No. 14 ("FAC"); ECF No. 14-1 ("FAC Exhibits")).  Plaintiff and her husband, Jaime Martinez ("Martinez"), are the owners of real property located at 849 Hacienda Circle, Paso Robles, CA 93446 (the "Property").  (FAC ¶ 8; FAC Exhibits at 10).  On November 19, 2024, QLS, as trustee under the subject deed of trust, issued a notice of default as to the Property, indicating that Plaintiff owed $44,178.13 to bring the account current.  (FAC Exhibits at 6-8).  QLS issued a notice of trustee's sale of the Property on February 18, 2025.  (*Id.* at 10-12).

On September 30, 2025, Martinez filed a voluntary Chapter 7 bankruptcy petition, invoking an automatic stay under 11 U.S.C. § 362(a).  (FAC ¶ 20; FAC Exhibits at 3).  Martinez claimed the Property as exempted under 11 U.S.C. § 522(*l*).  (FAC ¶ 18).  Plaintiff also alleges that she removed the instant action under 28 U.S.C. § 1446(d) on January 20, 2026, which she claims divested all non-Article III tribunals of jurisdiction.  (*Id.* ¶¶ 24, 25).

On January 27, 2026, Defendants caused a foreclosure sale to be conducted on the Property.  (FAC ¶ 28).  Plaintiff alleges that she provided QLS with actual notice of the bankruptcy stay and the § 1446 removal before the foreclosure.  (*Id.* ¶ 42; FAC Exhibits at 16-23).  Plaintiff asserts that, because of the bankruptcy stay and QLS's actual notice, the foreclosure sale is void.  (FAC ¶ 34).  Plaintiff also asserts that the foreclosure is invalid because Defendants do not possess the original promissory note, (*id.* ¶ 37), Barclays forfeited any security interest in the Property by ignoring UCC § 9-210, (*id.* ¶ 45), the Property is exempt from foreclosure under 11 U.S.C. § 522(*l*), (*id.* ¶ 50), and Defendants acted in excess of their authority by transferring the promissory note, (*id.* ¶ 54).

Plaintiff asserts claims labelled quiet title, declaratory relief, void foreclosure sale, lack of standing, UCC §§ 9-210 and 9-625(f) violations, exemption determination, cancellation of written instruments, injunctive relief, and damages. (*Id.* at 14-20). Among other forms of relief, Plaintiff seeks a declaration that the foreclosure sale was void, a declaration that Defendants have no interest in the Property, cancellation of certain void instruments, an injunction prohibiting Defendants from taking any action based on the foreclosure sale, and damages. (*Id.* at 21-23).

**B.     Procedural History**

Plaintiff initiated this action in federal court on January 27, 2026. (ECF No. 1). QLS appeared and filed a motion to dismiss on February 19, 2026. (ECF No. 11). On February 27, 2026, Plaintiff filed the FAC, along with an application for a temporary restraining order. (ECF No. 18). On March 5, 2026, the Court denied Plaintiff's request for a temporary restraining order because Plaintiff failed to meet her burden of establishing a likelihood of success on the merits of any of her claims. (ECF No. 20). The Court also denied the pending motion to dismiss as moot, in light of the filing of the FAC. (*Id.*).

On March 9, 2026, QLS filed the instant Motion to Dismiss, seeking dismissal of all claims against it. (MTD). The Motion is accompanied by a request for judicial notice of 11 documents related to Plaintiff's bankruptcy cases and the foreclosure proceedings. (ECF No. 21-2 ("QLS RJN")). Plaintiff opposed the Motion on March 23, 2026,[1] (ECF No. 26 ("Plaintiff's Opposition")), and QLS replied in support of the Motion on April 1, 2026, (ECF No. 34 ("QLS Reply")).

Separately, on March 23, 2026, Plaintiff filed a motion for leave to file a second amended complaint, (ECF No. 28), and the Preliminary Injunction Motion, (PI Mot.). On March 26, 2026, the Court denied the motion for leave for failure to comply with Local

---

[1] The Court notes that Plaintiff filed two separate opposition briefs to the Motion to Dismiss. *See* (ECF Nos. 26, 26-2). The Local Rules and this Court's Standing Order do not permit the filing of multiple opposition briefs to a single motion. Accordingly, the Court will only consider the filing of the first opposition brief at ECF No. 26.

Rules 6-1 and 7-3. (ECF No. 30). On April 1, 2026, Defendants Barclays Bank, PLC ("Barclays"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Security National Master Holding Co. LLC ("Security National"), and U.S. Bank National Trust Association ("US Bank," or together with Barclays, MERS, and Security National, the "Barclays Defendants") appeared in this action and filed an opposition to the PI Motion. (ECF No. 32 ("Barclays Opposition")). The Barclays Defendants also filed a request for judicial notice. (ECF No. 33 ("Barclays RJN")). Plaintiff replied in support of the PI Motion on April 27, 2026.[2] (ECF No. 39 ("Plaintiff's Reply")).

## II.     MOTION TO DISMISS

### A.     Legal Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] Plaintiff's Reply is untimely under the Court-ordered briefing schedule, which set a reply deadline of April 8, 2026. *See* (ECF No. 30). Plaintiff's Counsel requests that the Court excuse the untimely filing because (1) Plaintiff's Counsel maintains a general business law practice, has limited litigation experience, and has been managing multiple urgent wrongful foreclosure matters simultaneously; (2) Plaintiff's primary legal researcher suffered a stroke and has been unable to work; and (3) the combined weight of simultaneous filings across multiple related matters created a scheduling failure that was not the result of bad faith. (ECF No. 38). Given the illness of Plaintiff's Counsel's staff, the Court will exercise its discretion to consider the Reply brief. However, future untimely filings may not be considered and may be grounds for sanctions.

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice," nor must it accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects of the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## B.    QLS Request for Judicial Notice

As an initial matter, QLS requests that the Court take judicial notice of the following documents: (1) a deed of trust recorded with the San Luis Obispo County Recorder's Office on July 22, 2022; (2) a Substitution of Trustee recorded with the San Luis Obispo County Recorder's Office on November 18, 2024; (3) a Notice of Default and Election to Sell Under Deed of Trust recorded with the San Luis Obispo County Recorder's Officer on November 19, 2024; (4) a Notice of Trustee's Sale recorded with the San Luis Obispo County Recorder's Office on February 18, 2025; (5) the PACER docket for Case Number 9:25-bk-10611-RC; (6) the PACER docket for Case Number 9:25-bk-10770-RC; (7) the PACER docket for Case Number 9:25-bk-11091-RC; (8) the PACER docket for Case Number 9:25-bk-11305-RC; (9) a tentative ruling issued by Judge Ronald A. Clifford III in Case Number 9:25-bk-11305 on November 18, 2025; (10) the Order Granting in Part, Denying in Part Motion for Relief from the Automatic Stay under 11 U.S.C. § 362, recorded with the San Luis Obispo County Recorder's Office on December 5, 2025; and (11) the PACER docket for Case Number 9:26-bk-10048-RC. (QLS RJN at 2-3). QLS

-5-

argues that the Court can properly take judicial notice of these documents as official records and court proceedings.  Plaintiff has not opposed the Request for Judicial Notice.

Generally, at the motion to dismiss stage, courts may not consider any material beyond the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6).  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[R]eview is limited to the complaint." (citation omitted)).  If a court considers such extrinsic evidence, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  However, pursuant to two recognized exceptions, courts may consider the contents of certain extrinsic documents "without converting the motion to dismiss into a motion for summary judgment."  *Lee*, 250 F.3d at 688.

First, Federal Rule of Evidence 201 authorizes courts to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1), (2).  Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Lee*, 250 F.3d at 689 (internal quotation marks and citation omitted).  A court, however, may not "take judicial notice of disputed facts contained in such public records."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Second, pursuant to the "judicially created" incorporation-by-reference doctrine, courts may consider an external document to be "part of the complaint itself" if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id.* at 1002 (citation omitted).  The doctrine seeks to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Id.*  A court may also "assume an incorporated document's contents are true for purposes of a motion to

dismiss under Rule 12(b)(6)." *Id.* at 1003 (alterations and citation omitted). However, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

The Court finds that the eleven documents included in the QLS RJN are all properly subject to judicial notice under Rule 201. The first four documents—the deed of trust, substitution of trustee, notice of default, and notice of trustee's sale—are all public records that were filed with the San Luis Obispo County Recorder's Office. The remaining documents are all court records from bankruptcy proceedings in this district. "Documents on file with other courts and county recorders' offices are routinely subject to judicial notice." *Ridenour v. Bank of Am., N.A.*, 23 F. Supp. 3d 1201, 1204 (D. Idaho 2014); *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (internal citations omitted)). Because these documents are all public records not subject to reasonable dispute, and because Plaintiff has presented no objections, the Court will take judicial notice of the requested documents.

### C.    Analysis

#### 1.    Trustee Privilege

QLS first argues that Plaintiff's claims against it should be dismissed because it was acting solely in its capacity as a trustee under the borrowers' deed of trust. (MTD at 10). QLS argues that California law grants immunity to trustees for good faith errors resulting from reliance on information received from the beneficiary. (*Id.*). QLS also argues that communications related to foreclosure are entitled to a qualified privilege under California's litigation privilege, which provides immunity against derivative tort claims unless the publication was made with malice. (*Id.* at 11). QLS argues that there are no factual allegations in the FAC that plausibly demonstrate that QLS acted with malice in foreclosing on the Property. (*Id.* at 12). QLS argues that allegations that it lacked standing to foreclose on the Property are conclusory and insufficient to demonstrate malice. (*Id.*). As to the allegation that QLS was aware of the bankruptcy stay and nevertheless initiated

the foreclosure action, QLS argues that there was no stay in effect at the time of the foreclosure. (*Id.* at 13).

In her Opposition, Plaintiff contends that the automatic bankruptcy stay is controlling. (Plaintiff's Opp. at 6). Citing the Supremacy Clause, Plaintiff argues that federal law preempts California's litigation privilege and other immunity available to trustees in foreclosure proceedings. (*Id.* at 7). Plaintiff also argues that, because QLS had actual knowledge of the bankruptcy stay, QLS acted willfully in nevertheless proceeding with the foreclosure action. (*Id.* at 9). Plaintiff contends that the decision lifting the stay in Martinez's bankruptcy proceeding is not binding against her. (*Id.* at 5).

The California Legislature has codified the procedure for conducting nonjudicial foreclosures and has provided certain legal protections for entities involved in this process. *See* Cal. Civ. Code § 2920 *et seq.* First, "[i]n performing acts required by this article . . . , the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(b). Second, the statute provides that all of the following are "privileged communications" under California's litigation privilege: "(1) The mailing, publication, and delivery of notices as required by this section[;] (2) Performance of the procedures set forth in this article[; and] (3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in" certain sections of the California Code of Civil Procedure. *Id.* § 2924(d); *see* Cal. Civ. Code § 47.

The privilege under § 2924(d) is a "qualified common interest privilege," meaning that parties can only be held liable for performing the procedures set forth for nonjudicial foreclosure actions "if they act with malice." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 340-41 (2008). In this context, "'malice' means that the defendant (1) was motivated by hatred or ill will towards the plaintiff, or (2) lacked reasonable grounds for its belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Schep v. Cap. One, N.A.*, 12 Cal. App. 5th 1331, 1337 (2017) (internal quotation

marks and citation omitted).  "Since the qualified privilege creates a presumption that the communication is made innocently and without malice, the pleadings must contain affirmative allegations of malice in fact, and malice must exist as a fact in order to destroy the privilege." *Smith v. Hatch*, 271 Cal. App. 2d 39, 47 (1969) (internal citations omitted).

Here, the majority of Plaintiff's claims against QLS are based on its "[p]erformance of the procedures set forth" in § 2924 for nonjudicial foreclosures.  Cal. Civ. Code § 2924(d)(2).  At a minimum, Plaintiff's claims for "void foreclosure sale" and "lack of standing" are premised on QLS, acting in its role as trustee of the deed of trust, following the process for nonjudicial foreclosures set forth in § 2924(a).  Pursuant to § 2924(d), these actions constitute privileged communications within the meaning of California Civil Code § 47 and therefore cannot serve as the basis for a derivative tort claim unless QLS acted with malice.  *See Kachlon*, 168 Cal. App. 4th at 340-41.

As to whether QLS acted with malice, the Court agrees with QLS that the FAC lacks sufficient allegations to plausibly allege that QLS acted with malice in effectuating the foreclosure of the Property.  Plaintiff's primary argument in support of an inference of malice is that QLS was made aware of the bankruptcy stay before completing the foreclosure sale on January 27, 2026.  However, as QLS argues, it does not appear that any bankruptcy stay was in effect at the time of the foreclosure.

The record reflects that Plaintiff and Martinez initiated the following bankruptcy proceedings: (1) Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition on May 5, 2025, which was dismissed on May 23, 2025, for failure to file required information, (QLS RJN at 43); (2) Plaintiff filed another Chapter 13 Voluntary Bankruptcy Petition on June 9, 2025, which was dismissed on July 14, 2025, for failure to file required information, (*id.* at 47); (3) Plaintiff filed a Chapter 7 Voluntary Bankruptcy Petition on August 18, 2025, which was dismissed on September 22, 2025, for failure to file required information, (*id.* at 55); (4) Martinez filed a Chapter 7 Voluntary Bankruptcy Petition on September 30, 2025, which remains pending, (*id.* at 62); and (5) Plaintiff filed a Chapter 7 Voluntary

Bankruptcy Petition on January 20, 2026, which was dismissed on February 9, 2026, for failure to file required information, (*id.* at 82).

On November 18, 2025, in the action filed by Martinez, Judge Clifford issued a tentative order granting Barclays' motion to lift the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d)(4). (*Id.* at 69). Citing the three prior bankruptcy petitions filed by Plaintiff, Judge Clifford found that "the Debtor is attempting unreasonably to deter and harass Movant in its bona fide efforts to realize upon its securities. Therefore, good faith does not exist and there is cause sufficient to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1)." (*Id.* at 73). Judge Clifford issued a final order on November 24, 2025, which terminated the stay and permitted Barclays, as the moving party, to "enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law." (*Id.* at 79). The order specified that, "[i]f recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court." (*Id.*). On December 5, 2025, QLS recorded the order with the San Luis Obispo County Recorder's Officer. (*Id.* at 77).

Based on Judge Clifford's order, there was no bankruptcy stay in place as of January 27, 2026. Under 11 U.S.C. § 362(d)(4), on motion, a bankruptcy court "shall grant relief from the stay provided under subsection (a) . . . if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." Applying this provision, Judge Clifford found that the petition was part of a scheme to delay and ordered the automatic stay be lifted.

Plaintiff argues that the lifting of this stay does not apply to her because Judge Clifford's order was issued in the bankruptcy petition initiated by Martinez. (Plaintiff's Opp. at 5). Plaintiff argues that she has an independent property interest, and that her subsequent filing of a bankruptcy petition on January 20, 2026, established a new stay of

-10-

foreclosure proceedings. (*Id.*). This argument is contrary to the text of § 362 and Judge Clifford's order. Section 362(d) provides that, "[i]f recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order." 11 U.S.C. § 362(d). Judge Clifford's order explicitly incorporated this provision. *See* (QLS RJN at 79). Moreover, § 362(b) provides that the filing of a bankruptcy petition "does not operate as a stay . . . of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4)." 11 U.S.C. § 362(b)(20). Interpreting these provisions, the Ninth Circuit Bankruptcy Appellate Panel has held that "[a]n order entered under § 362(d)(4) binds any party asserting an interest in the affected property, including every non-debtor, co-owner, and subsequent owner of the property." *In re Alakozai*, 499 B.R. 698 (9th Cir. B.A.P. 2013). Thus, the lifting of the stay applies to the Property and is not limited to any individual debtor. Judge Clifford's order is otherwise applicable because QLS properly recorded the order with the County Recorder's Office, Plaintiff filed her bankruptcy petition less than two years after the issuance of the order, and Plaintiff has not shown that she sought relief from the order. Accordingly, there was no bankruptcy stay in place as of January 27, 2026.

Aside from the alleged violation of a stay, Plaintiff has alleged no facts supporting a finding of malice against QLS. Therefore, QLS is entitled to immunity from claims related to the performance of the procedures set out in § 2924. *See* Cal. Civ. Code § 2924(d). While Plaintiff argues that state law privileges are preempted by the automatic stay available under federal bankruptcy law, for the reasons discussed above, there was no automatic stay in place at the time of the foreclosure. California's litigation privilege is otherwise applicable to state law claims raised in federal court. *See, e.g.*, *Hagendorf v. Brown*, 699 F.2d 478, 480 (9th Cir. 1983). Accordingly, the Court GRANTS the Motion and DISMISSES Plaintiff's claims for void foreclosure sale and lack of standing against

QLS.  Because it is not yet clear that amendment would be futile, the Court will allow Plaintiff leave to amend her claims.

### 2. Exemption and Removal Claims

Second, QLS argues that Plaintiff's exemption and removal claims are legally barred.  As to the exemption claim, QLS argues that the exemption documents were filed by Martinez, not Plaintiff, such that Plaintiff lacks standing to bring a claim on this basis. (MTD at 13).  QLS also argues that, even if Plaintiff has standing, the exemption filing does not offer protection because § 522(c) permits exempt property to be reached by creditors holding secured claims, such as mortgages or deeds of trust.  (*Id.* at 14).  As to the removal claims, QLS argues that Plaintiff's reliance on 28 U.S.C. § 1446(d) is misplaced because this action was filed directly in federal court.  (*Id.*).

Plaintiff argues that she has standing regardless of who filed the § 522 exemption because she suffered an injury-in-fact in the loss of her community property interest in the Property.[3]  (Plaintiff's Opp. at 8).  As to the removal argument, Plaintiff argues that she amended this claim in her proposed second amended complaint to clarify that the claim is premised on 11 U.S.C. § 157(d), rather than 28 U.S.C. § 1446(d).

The Court agrees with QLS as to both claims.  First, Plaintiff has not shown how she was injured by the alleged violation of Martinez's rights under § 522.  Plaintiff has not alleged that she exempted property in her own bankruptcy proceedings, and she has not pointed to any statutory provision or case law that would confer standing on her for such a claim. While it may be true that Plaintiff has suffered an injury-in-fact for her other claims, this does not address the standing issue as to the exemption claim.  Plaintiff has also failed to address QLS's argument that § 522 does not avoid claims by creditors holding secured claims.  As QLS argues, § 522(c) provides an exemption for "a debt secured by a lien" that

---

[3] Plaintiff also raises arguments related to the UCC § 9-210.  (Plaintiff's Opp. at 8). However, in the FAC, Plaintiff raises the alleged UCC § 9-210 and § 9-625(f) violations solely against Barclays.  (FAC at 18).  Accordingly, the Court need not consider whether this claim is plausibly stated as to QLS.

is not avoided or void under certain other provisions. 11 U.S.C. § 522(c)(2)(A). Under California law, "a mortgage or deed of trust is a lien on property." *Secrest v. Sec. Nat'l Mortg. Loan Tr. 2002-2*, 167 Cal. App. 4th 544, 554 (2008). Thus, on the record before the Court, it appears that Martinez's claimed exemption under § 522(*l*) would not prohibit QLS from seeking to foreclose on the Property based on its deed of trust.

As to the removal claim, the FAC asserts a claim of void foreclosure sale, stating that, "[u]nder § 1446(d), state authority immediately ceases." (FAC at 17). However, § 1446(d) relates to removal of an action from state court, and this action was filed directly in federal court. It does not appear that § 1446(d) is in any way relevant to Plaintiff's claims. In her Opposition, Plaintiff states that she intended instead to invoke 11 U.S.C. § 157(d). As an initial matter, however, the Court's analysis is limited to the facts alleged in the FAC, not corrections or additional allegations raised in briefing. Even accepting Plaintiff's representations, however, it is unclear what relevance § 157(d) has to this case. That statute permits a district court to "withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown." 11 U.S.C. § 157(d). However, this action was not referred to or withdrawn from the bankruptcy court but was instead filed directly before this Court. Plaintiff argues that "the § 157(d) filing placed all parties on notice that Plaintiff was invoking this Court's Article III jurisdiction," and that "proceeding with the sale 78 minutes after the 9:42 AM call and the fax transmissions establishes willful disregard of Plaintiff's constitutionally secured rights." (Plaintiff's Opp. at 9). To the extent Plaintiff contends that filing an action in federal court divested the bankruptcy court of jurisdiction or imposed a stay on the foreclosure proceedings, Plaintiff has pointed to no provision of law so holding. Accordingly, Plaintiff has not stated a claim on this basis.

The Court therefore GRANTS the Motion and DISMISSES Plaintiff's exemption and removal claims, with leave to amend.

### 3. Quiet Title Claim

QLS next seeks dismissal of Plaintiff's quiet title claim. QLS argues that a quiet title claim is intended to resolve conflicting claims to real or personal property. (MTD at 14). However, QLS contends that, as a trustee of a deed of trust, it has no claim to ownership of the property but acts only as an agent to the trustor and beneficiary. (*Id.* at 15). QLS also argues that, as a mortgagor, Plaintiff cannot quiet her title against a mortgagee without paying the debt. (*Id.*). Because Plaintiff has not done so, she cannot prevail on a quiet title action. (*Id.*). Plaintiff has not submitted any argument in response to this portion of the Motion.

The Court agrees with QLS. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also Lueras v. BAC Home Loans Serv., LP*, 221 Cal. App. 4th 49, 86 (2013) ("A borrower may not, however, quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based."); *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."). Because Plaintiff has not paid off the debt to the mortgagee, Plaintiff cannot possibly prevail on a quiet title action.

Accordingly, the Court GRANTS the Motion and DISMISSES this claim. While the Court will permit Plaintiff leave to amend, the Court notes that, unless Plaintiff can allege that she has paid off the debt, amendment of this claim would be futile.

### 4. Declaratory Relief and Cancellation of Instruments

QLS next seeks to dismiss Plaintiff's declaratory relief and cancellation of instrument claims. On the declaratory relief claim, QLS argues that, because the foreclosure sale has already occurred, Plaintiff has alleged only a past wrong, not a present controversy that necessitates a declaration of rights. (MTD at 16). QLS also argues that Plaintiff's claims challenging the ownership of the property are misplaced because QLS has no ownership interest in the Property or the deed of trust. (*Id.*). On the cancellation of

instruments claim, QLS argues that cancellation is available only where it may cause serious injury to a person against whom it is void or voidable. Because Plaintiff has not shown that the foreclosure notice was either void or voidable, her claim fails. (*Id.* at 17).

Plaintiff has not opposed the dismissal of either of these claims, which is sufficient by itself for the Court to dismiss these claims. The Court is otherwise inclined to agree with Defendant's arguments, particularly in the absence of any opposition. Declaratory relief is a remedy that "operates prospectively, and not merely for the redress of past wrongs," *Babb v. Superior Court*, 3 Cal. 3d 841, 848 (1971) (citation omitted), and it requires a showing that an "actual, present controversy exists between the parties," *Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1014 (2016). The declarations sought in the FAC— that the foreclosure sale was void, the Property is exempt, and that no Defendant had standing to foreclose, (FAC ¶ 66)—all relate to an alleged past wrong, not a present controversy. Thus, Plaintiff has not shown a basis for declaratory relief. *See Orcilla*, 244 Cal. App. 4th at 1014 (finding no controversy to sustain a declaratory relief claim where the plaintiff "seek[s] a remedy for a past wrong: the 2010 foreclosure sale").

As to the cancellation of instruments claim, QLS is correct that a written instrument may be canceled only upon a showing that "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412. For the reasons discussed above, Plaintiff has not pleaded facts demonstrating that any written instrument related to the foreclosure sale is void or voidable. Accordingly, the Court GRANTS the Motion and DISMISSES these claims, with leave to amend.

### 5. Injunctive Relief and Damages

Finally, QLS seeks dismissal of Plaintiff's claims for injunctive relief and damages, arguing that these are not standalone claims but rather requests for relief that require prevailing on some other claim. (MTD at 17). The Court agrees. Injunctive relief and damages are remedies, not, as the FAC frames them, standalone claims. *See, e.g.*, *Roshan v. Lawrence*, 689 F. Supp. 3d 697, 702 n.2 (N.D. Cal. 2023) ("[I]njunctive relief [is] not

[a] standalone claim[].”); *In re Wal-Mart Wage & Hour Emp. Pracs. Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007) (“[C]ount nine is not a separate cause of action but a request for injunctive relief.”); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (“A request for injunctive relief by itself does not state a cause of action.” (citation omitted)).  Accordingly, the Court DISMISSES these claims without leave to amend.  In doing so, the Court does not foreclose injunctive relief or damages as a remedy but merely recognizes the well-settled rule that these are not standalone claims.

## III.   PRELIMINARY INJUNCTION MOTION

The Court now turns to Plaintiff's Preliminary Injunction Motion.  While the Court's order on the Motion to Dismiss granted dismissal of all of Plaintiff's claims, the order is effective only as to QLS as the moving party.  As such, the Court must still examine the claims against the other Defendants.

### A.   Legal Standard

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (“[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical.”) (citation omitted).  A plaintiff may secure a temporary restraining order upon establishing that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  “[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.”  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  “In each case, courts ‘must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.’”  *Winter*, 555 U.S. at 24 (citing *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542

(1987)).  "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

In deciding an application for a temporary restraining order, the court is permitted to consider the allegations in a verified complaint, as well as exhibits, affidavits, and declarations submitted by all parties. *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009).  "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citations omitted).  The urgency of the relief sought necessitates a prompt determination and can make it difficult to obtain admissible evidence.  *Id.*

**B.    Request for Judicial Notice**

As a preliminary matter, the Barclays Defendants request judicial notice of the following documents: (1) the deed of trust recorded in the San Luis Obispo County Recorder's Office on July 22, 2022; (2) a notice of default and election to sell under deed of trust recorded in the San Luis Obispo County Recorder's Office on November 19, 2024; (3) a notice of trustee's sale recorded in the San Luis Obispo County Recorder's Office on February 18, 2025; (4) an in rem relief order entered in case No. 9:25-bk-11305-RC on November 24, 2025; (5) the recording of the in rem relief order with the San Luis Obispo County Recorder's Office on December 5, 2025; and (6) the bankruptcy petition filed by Plaintiff on January 20, 2026.  (Barclays RJN at 2-3).  Plaintiff has not opposed the request for judicial notice.

For the same reasons discussed above with respect to the QLS RJN, the Court finds that these documents are properly subject to judicial notice.  Items one, two, three, and five are all public records recorded with the San Luis Obispo County Recorder's Office, while items four and six are both court records from bankruptcy proceedings in this District.  These are public records not subject to reasonable dispute, of the type that courts frequently take judicial notice.  Accordingly, the Court will take judicial notice of these records.

## C.   Likelihood of Success on the Merits

In the Preliminary Injunction Motion, Plaintiff seeks (1) an injunction against recording any trustee's deed upon sale; (2) an injunction against further title transfers; and (3) an injunction against any unlawful detainer or eviction proceeding against Plaintiff. (PI Mot. at 2).  Plaintiff argues that she is likely to succeed on the merits of her claims because she filed a bankruptcy petition on January 20, 2026, which imposed an automatic stay, rendering the foreclosure sale on January 27, 2026, void.  (*Id.* at 3).  Plaintiff argues that the order issued by Judge Clifford does not eliminate her independent automatic stay because it was issued solely against Martinez.  (*Id.* at 4).  Plaintiff also argues that the foreclosure sale is void because Defendants lacked standing to foreclose on the property.[4] (*Id.* at 5).

In opposition, the Barclays Defendants argue that no automatic stay arose upon the filing of Plaintiff's bankruptcy petition because a stay was foreclosed by Judge Clifford's order and by 11 U.S.C. § 362(c)(4)(A)(i).  (Barclays Opp. at 9).  The Barclays Defendants argue that a § 362(d)(4) order runs with the property, not with the debtor, such that it is irrelevant that Plaintiff had an independent community property interest and was not a party to Martinez's bankruptcy action.  (*Id.* at 11).  The Barclays Defendants further argue that a foreclosing party need not possess or produce the original promissory note to conduct a nonjudicial foreclosure.[5] (*Id.* at 12).

---

[4] The Court notes that Plaintiff's Reply brief raises, for the first time, an argument that the preliminary injunction should be granted because the original lender, Change Lending LLC, is the concealed beneficial owner and directed the foreclosure through a surrogate. (Plaintiff's Reply at 5).  However, it is well established that courts need not consider arguments raised for the first time in a reply brief.  *See, e.g.*, *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004).  Accordingly, while the Court has exercised its discretion to consider Plaintiff's untimely Reply, it will not consider the new arguments raised therein.

[5] The Barclays Defendants raise several other arguments relating to claims raised in the FAC but not discussed in the PI Motion.  *See* (Barclays Opp. at 12-13).  Because Plaintiff makes no argument that she is likely to succeed on the merits of these other claims, the Court need not assess these claims to determine the PI Motion.  *See Munaf v. Geren*, 55

The Court agrees with the Barclays Defendants and concludes that Plaintiff has not shown a likelihood of success on the merits of any of the claims raised in the PI Motion. As the Court has previously found, Judge Clifford's order lifting the stay in the Martinez bankruptcy action is effective against Plaintiff.  The order was properly recorded in the County Recorder's Office, Plaintiff's bankruptcy action related to the same property and was filed within two years of the issuance of the order, and Plaintiff did not seek relief from the order.  *See* 11 U.S.C. § 362(d)(4).  Additionally, as the Barclays Defendants point out, it appears that, even absent Judge Clifford's order, a separate provision of § 362 would prohibit the automatic stay because Plaintiff filed and dismissed "2 or more single or joint cases . . . within the previous year."  11 U.S.C. § 362(c)(4)(A)(i).  Accordingly, Plaintiff's January 20, 2026, bankruptcy filing did not impose an automatic stay, and the foreclosure sale was not void on this basis.

As to Plaintiff's argument about Defendants' standing to foreclose, California courts have repeatedly rejected the contention that nonjudicial foreclosure of a deed of trust requires possession of the underlying promissory note.  *See Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433, 440 (2012) ("We likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note."); *Kalnoki v. First Am. Tr. Serv. Sols., LLC*, 8 Cal. App. 5th 23, 42 (2017) ("To the extent the Kalnokis claim Wells Fargo and U.S. Bank had to physically possess the note to foreclose, other courts have rejected such argument."); *Siliga v. Mortg. Elec. Reg. Sys., Inc.*, 219 Cal. App. 4th 75, 84 n.5 (2013) ("[T]here is no legal basis for the claim that the foreclosing party must possess the original note.").  Such a requirement does not appear in Civil Code sections 2924 through 2924k, "which provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  *Gomes v. Countrywide Home Loans, Inc.*,

---

U.S. 674, 690 (2008) (the party seeking a preliminary injunction "must demonstrate, among other things, a likelihood of success on the merits" (internal quotation marks and citation omitted)).

192 Cal. App. 4th 1149, 1154 (2011) (internal quotation marks and citation omitted).  In the absence of any contrary case law, Plaintiff has not shown a likelihood of success on the merits of this claim.

Because Plaintiff has not shown a likelihood of success on the merits of any of her claims, Plaintiff has not shown that she is entitled to a preliminary injunction.  Accordingly, the Court DENIES the PI Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.   The Motion to Dismiss is GRANTED, and Plaintiff's claims against QLS are DISMISSED as follows:

   a.   Plaintiff's claims for quiet title, declaratory relief, void foreclosure sale, lack of standing, exemption determination, and cancellation of written instruments are DISMISSED, with leave to amend;

   b.   Plaintiff's claims for injunctive relief and damages are DISMISSED without leave to amend; and

2.   The Preliminary Injunction Motion is DENIED.

Within twenty-one (21) days of the issuance of this Order, Plaintiff may file an Amended Complaint, curing the deficiencies identified in this Order.  If Plaintiff fails to file an Amended Complaint within twenty-one days, Plaintiff's claims against QLS will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:   May 8, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE