UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00820-SPG-AGR | Date | June 4, 2026 |
| Title | Padmini Anne Wye v. Barclays Bank, PLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:    (IN CHAMBERS) ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND STRIKING SECOND AMENDED COMPLAINT [ECF NOS. 41, 42]**

On May 8, 2026, the Court issued an Order Granting Defendant Quality Loan Service Corporation's Motion to Dismiss and Denying Plaintiff's Renewed Application for Preliminary Injunction. (ECF No. 40 ("MTD Order")). In the Order, the Court stated that, "[w]ithin twenty-one (21) days of the issuance of this Order, Plaintiff may file an Amended Complaint, curing the deficiencies identified in this Order." (*Id.* at 20).

On May 29, 2026, Plaintiff filed her Second Amended Complaint, (ECF No. 42 ("SAC")), along with a Motion for Leave to File Second Amended Complaint, (ECF No. 41 ("Motion")). In the Motion, Plaintiff states that the Court's MTD Order granted leave "to file the SAC as of right as to the previously named defendants," but that she is requesting leave to amend "out of an abundance of caution to provide the Court and opposing parties with notice required by Local Rule 15-1." (Mot. at 3). In the SAC, Plaintiff has added a new co-plaintiff, named eight additional defendants, and raised three additional claims.

Plaintiff's Motion does not comply with Local Rule 6-1, requiring parties to notice a motion hearing date at least twenty-eight (28) days after the filing of a motion. The Motion also does not comply with Local Rule 7-3, requiring conference of counsel at least seven (7) days prior to the filing of any motion. Additionally, because Plaintiff has already filed the SAC on the docket, including the additional parties and claims, the Motion does not comply with Local Rule 15-1, requiring the filing of a *proposed* amended pleading with any motion for leave to amend.

To the extent Plaintiff intended to seek relief on an ex parte basis, Plaintiff has not met the procedural or substantive requirements to obtain such relief. In this District, to prevail on an ex parte application, the moving party must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00820-SPG-AGR | Date | June 4, 2026 |
|---|---|---|---|
| Title | Padmini Anne Wye v. Barclays Bank, PLC, et al. | | |

parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiff has made no attempt to show that either of these requirements are met. Furthermore, absent waiver of notice by the Court, the Local Rules of this District require parties moving for ex parte relief to advise opposing counsel of the filing and state the opposing parties' positions on the requested relief. C.D. Cal. L.R. 7-19.1. Plaintiff has not provided information about Defendants' positions and has not identified any basis to waive the notice requirement. For all of these reasons, the Court DENIES the Motion without prejudice.

Turning to the SAC, the Court granted Plaintiff limited leave to amend solely to "cur[e] the deficiencies identified in" the MTD Order. (MTD Order at 20). "When a district court grants leave to amend for a specified purpose, it does not thereafter abuse its discretion by dismissing any portions of the amended complaint that were not permitted." *Coppola v. Smith*, 19 F. Supp. 3d 960, 971 (E.D. Cal. 2014) (citation omitted). Because the Court permitted Plaintiff to amend only as to those deficiencies identified, Plaintiff was not authorized to add additional parties or claims. *See Benton v. Hughes*, No. 13-56356, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) (stating that because "[t]he court's order granted [the plaintiff] leave to amend only to address the deficiencies in his existing causes of action identified in its order . . . [the plaintiff] was therefore required to seek leave of the court or defendants' written consent to file an amended complaint asserting new . . . claims"). Because Plaintiff's SAC does not comply with the terms of the Court's MTD Order, the Court STRIKES the SAC. Within seven (7) days of the entry of this Order, Plaintiff may file a revised SAC that cures the deficiencies in the MTD Order only.

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Leave to Amend is DENIED without prejudice;
2. Plaintiff's Second Amended Complaint is STRICKEN without prejudice. Within seven (7) days of the entry of this Order, Plaintiff may file a revised Second Amended Complaint that solely cures the deficiencies identified in the MTD Order.
3. If Plaintiff files the revised Second Amended Complaint, Defendants shall file their response withing twenty-one (21) calendar days thereafter.

**IT IS SO ORDERED.**

:

Initials of Preparer     pg