Peter Winkler
Attorney at Law (92377)
104-A Main Street
Tiburon, California 94920
Telephone: 415.435.2677
Email:winklerlaw9@gmail.com

Attorney for Plaintiff
Padmini Anne Wye

## UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

PADMINI ANNE WYE

               Plaintiff,

vs.

BARCLAYS BANK, LP; U.S. BANK
NATIONAL TRUST ASSOCIATION AS
TRUSTEE OF THE LB-RANCH SERIES
V TRUST; QUALITY LOAN SERVICE
CORPORATION; SECURITY NATIONAL
MASTER HOLDING COMPANY, LLC;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; DOES 1-50,

               Defendants,

Case No.: **2:26-cv-00820-SPG-CTS**

Hon. Sherilyn Peace Garnett
Magistrate: Hon. Christina T. Shay

**SECOND AMENDED COMPLAINT**
[Revised per Court Order of June 4, 2026 (ECF
No. 46) — Curing Deficiencies Identified in
MTD Order of May 8, 2026 (ECF No. 40)]

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

This revised Second Amended Complaint is filed pursuant to this Court's June 4, 2026 Order (ECF No. 46) directing Plaintiff to file a revised Second Amended Complaint within seven days curing only the deficiencies identified in the Court's May 8, 2026 Order Granting Defendant Quality Loan Service Corporation's Motion to Dismiss (ECF No. 40, the 'MTD Order'). This complaint cures three specific deficiencies identified in the MTD Order: (1) the concealed

SECOND AMENDED COMPLAINT - 1

beneficial owner theory is now pled as a primary cause of action with Rule 9(b) particularity as directed by footnote 4 of the MTD Order; (2) the Declaratory Relief cause of action is revised to plead present ongoing controversy; and (3) injunctive relief and damages are pled as remedies rather than standalone claims. The exemption determination claim and removal claim are not re-pled per the MTD Order.

## I. PARTIES

1. Plaintiff PADMINI ANNE WYE, age 62, is an individual residing at 849 Hacienda Circle, Paso Robles, California 93446 (the 'Property'). Plaintiff Wye underwent surgery on May 29, 2026 to repair an abdominal hernia directly caused by elevated cortisol levels resulting from the stress of this wrongful foreclosure and eviction proceedings. She is in post-surgical recovery and requires accommodations in any future scheduling orders.

2. Defendant BARCLAYS BANK PLC is a foreign banking corporation appearing through Ghidotti Berger LLP.

3. Defendant U.S. BANK NATIONAL TRUST ASSOCIATION AS TRUSTEE OF THE LB-RANCH SERIES V TRUST ('U.S. Bank') is a federal trust appearing through Ghidotti Berger LLP. U.S. Bank's own Global Corporate Trust division has admitted in writing that as MBS trustee it has no authority or responsibility for loan servicing and does not initiate any foreclosure actions. (Exhibit K, U.S. Bank Global Corporate Trust Letter, July 14, 2023). This party admission under Federal Rule of Evidence 801(d)(2) confirms that the entity directing the January 27, 2026 foreclosure was not U.S. Bank.

4. Defendant SECURITY NATIONAL MASTER HOLDING COMPANY, LLC is a limited liability company appearing through Ghidotti Berger LLP.

5. Defendant QUALITY LOAN SERVICE CORPORATION ('QLS') is a California corporation.

QLS's agent Bounlet Louvan received actual verbal notice of Plaintiff's bankruptcy filing at 9:42 AM on January 27, 2026 and allegedly proceeded with the foreclosure sale at 11:00 AM — 78 minutes later.

6.  Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ('MERS') is a Delaware corporation. MERS's own Senior Vice President William C. Hultman confirmed under oath that MERS has never been the holder of any promissory note. *Bank of New York as Trustee v. Ukpe,* Docket No. F-10209-08 (N.J. Super. Ct. April 7, 2010) (Exhibit L), p.155. Hultman further testified that there is no original Board resolution authorizing the appointment of certifying officers: 'No. I have told you this five times.' (Id. at p.166).

7.  The true names of Defendants Does 1 through 50 are unknown to Plaintiff at this time. Plaintiff will seek leave to amend to substitute their true names when ascertained.

## II. JURISDICTION AND VENUE

8.  This Court has federal question jurisdiction under 28 U.S.C. Section 1331 based on violations of: (a) 15 U.S.C. Section 78j(b) and 17 C.F.R. Section 240.10b-5 (Securities Exchange Act Section 10(b)); (b) 15 U.S.C. Sections 1681b and 1681s-2(b) (Fair Credit Reporting Act); and (c) 11 U.S.C. Sections 362(a) and 362(k) (automatic stay and damages). This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. Section 1367.

9.  Venue is proper under 28 U.S.C. Section 1391(b) because Defendants conduct business in this District and the events giving rise to the claims occurred in this District.

10.  Pursuant to FRCP 17(a)(1), the real parties in interest include the certificateholders of CHNGE Mortgage Trust 2022-4 and/or Change Lending, LLC as the concealed beneficial owner. U.S. Bank's own institutional documents confirm it had no authority over the foreclosure. (Exhibit K). MERS's own Senior Vice President confirmed MERS never held the note. (Exhibit L, p.155). Plaintiff will seek a court order requiring Defendants to identify all real parties in interest.

## III. THE FIVE-INSTRUMENT CHAIN OF TITLE -- AUTHENTICATED FACTS

11.  On July 21, 2022, Plaintiff Padmini Anne Wye executed a promissory note and deed of trust in favor of Change Lending, LLC for $763,750.00. Recorded as Instrument No. 2022030298 in the San Luis Obispo County Official Records (Exhibit B).

12.  On November 4, 2024, MERS purported to assign the beneficial interest in the deed of trust to Wilmington Savings Fund Society, FSB as Trustee for CHNGE Mortgage Trust 2022-4 (Instrument No. 2024032597 — Exhibit C). This assignment is void because MERS never held the promissory note and therefore had nothing to assign. *Carpenter v. Longan,* 83 U.S. 271 (1872) (assignment of mortgage without note is a nullity). MERS's own Senior Vice President confirmed under oath: 'I am not aware of any time that [MERS] was the holder' of any note. (Exhibit L, Hultman p.155). The certifying officer who executed Instrument No. 2024032597 was appointed by Hultman alone with no Board meeting, no Board minutes, and no original Board resolution. (Exhibit L, Hultman pp.71, 96-98, 166).

13.  On August 11, 2025, Wilmington purported to assign beneficial interest to Mega Bank (Instrument No. 2025023390 — Exhibit D). This assignment is void on two independent grounds: (a) the signatory, Joshua Stolowitz, identified his title as 'Document Verification Specialist' — a title that does not appear in the enumerated officers who can bind a California corporation under Corporations Code Section 313. Under *Diediker v. Peelle Financial Corp.,* (1997) 60 Cal.App.4th 288, 294, an instrument executed without proper corporate authority is void; and (b) Stolowitz's own sworn affirmation filed in New York court proceedings identifies his actual employer as US Bank Trust National Association and Lakeview Loan Servicing LLC — not Mega Bank. The California Department of Financial Protection and Innovation initiated enforcement action against Lakeview Loan Servicing LLC effective December 31, 2024.

14.   On September 30, 2025 — the same day Plaintiff's co-resident Jaime Martinez filed for bankruptcy protection (Case No. 9:25-bk-11305-RC) — Mega Bank purported to assign beneficial interest back to Change Lending, LLC (Instrument No. 2025028565 — Exhibit E). The grantee address in this instrument — 175 N. Riverview Drive Suite C, Anaheim, California 92808 — is identical to Change Lending's address in five SEC Form D filings (CIK No. 0001840132). Under *Domarad v. Fisher & Burke, Inc.,* (1969) 270 Cal.App.2d 543, 553, and Civil Code Section 2936, once Change Lending, LLC transferred the promissory note for value, the deed of trust followed by operation of law and there was nothing left for Change Lending to receive. The same-day timing of the circular re-assignment and the bankruptcy filing establishes that Change Lending acted with scienter in reclaiming the beneficial interest. The circular assignment is void.

15.   On March 26, 2026, QLS recorded a Trustee's Deed Upon Sale in favor of Neighbor to Neighbor Homes, LLC (Instrument No. 2026009039 — Exhibit F) — 27 days after a Notice of Lis Pendens was recorded on February 27, 2026 in this action (ECF No. 17). The Trustee's Deed states on its face that the transfer is 'not subject to the affidavit or declaration requirement in Civil Code Section 2924m(d)' — affirmatively disclaiming bona fide purchaser status. Under *Yvanova v. New Century Mortgage Corp.,* (2016) 62 Cal.4th 919, QLS acted for a non-beneficiary. The sale is void. Under *Sciarratta v. U.S. Bank Nat'l Ass'n,* (2016) 247 Cal.App.4th 552, no tender is required where the assignment is void. The January 27, 2026 foreclosure sale occurred while Change Lending, LLC held the purported beneficial interest through the void circular assignment, raising the inference that the sale proceeds flowed to Change Lending rather than to the trust investors or to Plaintiff.

**IV. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION: VOID FORECLOSURE — CONCEALED BENEFICIAL OWNER**

(Against Quality Loan Service Corporation; and Does 1-50)

16. Plaintiff re-alleges all prior allegations.

17. Change Lending, LLC (SEC CIK No. 0001840132) is the original lender on Plaintiff's loan and the concealed beneficial owner who directed the January 27, 2026 foreclosure. Change Lending raised $388,750,000 from 76 or more investors through five SEC-registered Form D offerings under CIK No. 0001840132 (Exhibits A through E, self-authenticating under Federal Rule of Evidence 902(5)). Change Lending placed Plaintiff's loan into CHNGE Mortgage Trust 2022-4. On September 30, 2025 — the same day as the Martinez bankruptcy filing — Change Lending executed a circular re-assignment purporting to reclaim the beneficial interest. Change Lending then directed QLS to conduct the foreclosure while concealing Change Lending's role as the directing beneficial owner from Plaintiff, from the trust investors, and from this Court.

18. Under *Domarad v. Fisher & Burke, Inc.,* (1969) 270 Cal.App.2d 543, 553 and Civil Code Section 2936, once Change Lending transferred the promissory note for value into CHNGE Mortgage Trust 2022-4, the deed of trust followed by operation of California law. Change Lending had nothing left to receive. The September 30, 2025 circular re-assignment (Instrument No. 2025028565) attempted to revive exhausted rights. It is void.

19. Under *Glaski v. Bank of America, N.A.,* (2013) 218 Cal.App.4th 1079, CHNGE Mortgage Trust 2022-4 is an SEC-registered REMIC governed by New York law. Under New York Estates, Powers and Trusts Law Section 7-2.4, every act of a trustee in contravention of the trust is void. The circular re-assignment to Change Lending was in contravention of the trust instrument and is independently void under New York law.

20. Rule 9(b) Particularity: The concealed beneficial owner scheme is pled with the following

specific facts: (a) Date of concealment — September 30, 2025, the date of the circular re-assignment (Instrument No. 2025028565); (b) Identity of concealing party — Change Lending, LLC, CIK No. 0001840132, 175 N. Riverview Drive Suite C, Anaheim, California 92808; (c) Instrument number — 2025028565, recorded September 30, 2025, SLO County Recorder; (d) The same-day timing as the Martinez bankruptcy filing (Case No. 9:25-bk-11305-RC) establishes that the concealment was knowing and intentional — not accidental; (e) SEC Form D filings Exhibits A through E confirm Change Lending raised $388,750,000 from 76 or more investors who were never informed of the re-assignment; and (f) U.S. Bank's own letter (Exhibit K) confirms it had no authority to direct the foreclosure, meaning the directing party was Change Lending. This satisfies Rule 9(b)'s requirement to plead the who, what, when, where, and how of the concealment scheme.

21.  By directing the foreclosure while concealing its role as beneficial owner, the directing party violated California Code of Civil Procedure Section 367 and FRCP 17(a)(1) — requiring every action to be prosecuted in the name of the real party in interest. QLS acted as the instrument of this concealed scheme by conducting the sale on behalf of a non-beneficiary.

22.  As a direct and proximate result, Plaintiff has suffered loss of her family home, medical damages, emotional distress, and costs of litigation in all pending proceedings.

**SECOND CAUSE OF ACTION: WRONGFUL FORECLOSURE — AUTOMATIC STAY VIOLATION**

(Against Quality Loan Service Corporation; Bounlet Louvan; and Does 1-50)

23.  Plaintiff re-alleges all prior allegations.

24.  On January 20, 2026, Plaintiff Padmini Anne Wye filed Chapter 7 bankruptcy (Case No. 9:26-bk-10048-RC), creating a federal automatic stay under 11 U.S.C. Section 362(a) immediately upon filing. The automatic stay prohibited any act to obtain possession of or

exercise control over property of the estate, and any act to create, perfect, or enforce any lien against property of the estate.

25. Malice — specific facts: On January 27, 2026, Plaintiff's counsel sent written notice of the bankruptcy to QLS agent Bounlet Louvan at blouvan@qualityloan.com at 8:25 AM. At 9:42 AM, Plaintiff's counsel spoke with QLS by telephone for approximately 19 minutes and provided actual verbal notice of the bankruptcy filing. QLS confirmed receipt of notice. At 11:00 AM — 78 minutes after actual verbal confirmation of the bankruptcy — QLS conducted the foreclosure sale. A 78-minute window between actual verbal notice and sale execution constitutes deliberate, knowing, and malicious disregard of a federal court order. This is not inadvertence. It is a willful action taken with actual knowledge of the automatic stay, establishing malice under Civil Code Section 2924(d) and defeating QLS's litigation privilege.

26. Under *Kalb v. Feuerstein,* 308 U.S. 433 (1940) and *In re Schwartz,* 954 F.2d 569 (9th Cir. 1992), a foreclosure sale conducted in knowing violation of the automatic stay is void, not merely voidable.

27. Plaintiff acknowledges that the in rem order entered in Case No. 9:25-bk-11305-RC addressed co-resident Jaime Martinez's bankruptcy. Paragraphs 15, 16, and 17 of that order are expressly unchecked and do not bind Plaintiff's independent property interest. *In re Hutchinson,* 354 B.R. 523, 527 (Bankr. N.D. Cal. 2006). This argument is preserved for appeal.

28. Under 11 U.S.C. Section 362(k), Plaintiff is entitled to actual damages, costs, attorney fees, and punitive damages for willful violation of the automatic stay.

**THIRD CAUSE OF ACTION: QUIET TITLE**

(Against All Defendants — Code of Civil Procedure Section 760.010 et seq.)

29.  Plaintiff re-alleges all prior allegations.

30.   Plaintiff Padmini Anne Wye holds fee simple title to the Property by virtue of her July 22, 2022 Grant Deed. The five-instrument chain of title is void for the reasons stated above. No tender is required. *Sciarratta* (2016) 247 Cal.App.4th 552, 564; *Dimock v. Emerald Properties, LLC,* (2000) 81 Cal.App.4th 868, 877-878.

31.   This Court should declare Plaintiff the owner in fee simple of the Property, cancel all five void instruments, and order the San Luis Obispo County Recorder to reflect clear title in Plaintiff's name.

**FOURTH CAUSE OF ACTION: VIOLATION OF SECURITIES EXCHANGE ACT SECTION 10(b) — MATERIAL OMISSIONS AND CONCEALED BENEFICIAL OWNERSHIP**

(Against Does 1-50 — 15 U.S.C. Section 78j(b); 17 C.F.R. Section 240.10b-5)

32.  Plaintiff re-alleges all prior allegations.

33.   CHNGE Mortgage Trust 2022-4 is an SEC-registered REMIC. The entity that originated Plaintiff's loan filed five Form D disclosures raising $388,750,000 from 76 or more investors (Exhibits A through E, self-authenticating under Federal Rule of Evidence 902(5)). Under *Reves v. Ernst & Young,* 494 U.S. 56 (1990), the Plaintiff's promissory note is presumptively a security.

**34.**  In connection with the sale of CHNGE Mortgage Trust 2022-4 securities, material omissions were made in violation of 15 U.S.C. Section 78j(b) and 17 C.F.R. Section 240.10b-5: the originating entity secretly reclaimed beneficial interest in Plaintiff's loan through a circular assignment executed on the day of the Martinez bankruptcy filing, and directed a void foreclosure while representing to investors that the trust held properly transferred, legally isolated collateral. Three elements of Section 10(b) liability: (a) material omission — the

concealed reclamation of beneficial interest is material to 76 or more investors whose interests depend on the integrity of the collateral pool; (b) in connection with securities — SEC-registered CHNGE Mortgage Trust 2022-4 certificates; (c) scienter — the September 30, 2025 circular assignment executed on the same day as the Martinez bankruptcy filing establishes knowing, intentional conduct.

35. As a direct and proximate result of the concealed beneficial ownership scheme, Plaintiff has suffered damages including loss of her family home and all consequential damages flowing from the scheme.

**FIFTH CAUSE OF ACTION: DECLARATORY RELIEF — PRESENT ONGOING CONTROVERSY**

(Against All Defendants — 28 U.S.C. Section 2201)

36. Plaintiff re-alleges all prior allegations.

37. An actual, present, ongoing controversy exists between the parties that requires judicial resolution — not a declaration regarding past wrongs. Four present ongoing controversies require declaration:

38. Plaintiff faces imminent eviction in San Luis Obispo Superior Court Case No. 26LCP-0348. A hearing on Plaintiff's Motion to Stay is scheduled for July 7, 2026. A trial date on the unlawful detainer action has not yet been set but may be set at or after the July 7 hearing. The threshold issue in that action — whether the foreclosing party duly perfected title under Code of Civil Procedure Section 1161a(b)(3) — depends on the validity of the same five instruments at issue here. A declaration from this Court that the instruments are void will directly govern and terminate the state court unlawful detainer action. This is an ongoing and immediate controversy requiring present judicial resolution.

39. Second present ongoing controversy: All five instruments remain of record in the San Luis Obispo County Official Records, creating a continuing cloud on Plaintiff's title that presently prevents her from refinancing, encumbering, or selling the Property. The cloud is not a past wrong — it continues every day these instruments remain of record.

40. Third present ongoing controversy: The identity of the real party in interest among 76 or more unidentified certificate holders remains unresolved. This Court's determination of who actually holds the beneficial interest is required before the case can proceed to substantive resolution. FRCP 17(a)(1) requires every action to be prosecuted in the name of the real party in interest. This is a present procedural necessity.

41. Fourth present ongoing controversy: NewRez LLC d/b/a Shellpoint Mortgage Servicing made an inquiry into Plaintiff's TransUnion credit report on April 2, 2026 — 65 days after the purported loan transfer — and continues to report credit information regarding a loan that was purportedly transferred. This ongoing credit reporting constitutes a present and continuing violation. 15 U.S.C. Section 1681b.

42. Plaintiff seeks a declaration that: (a) the January 27, 2026 foreclosure sale is void; (b) all five instruments are void and of no force or effect; (c) Plaintiff is the owner in fee simple of the Property; and (d) Defendants must identify all real parties in interest under FRCP 17(a)(1).

**SIXTH CAUSE OF ACTION: VIOLATION OF FAIR CREDIT REPORTING ACT**

(Against NewRez LLC d/b/a Shellpoint Mortgage Servicing — 15 U.S.C. Sections 1681b, 1681n, 1681o, 1681s-2(b))

43. Plaintiff re-alleges all prior allegations.

44. Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing accessed Plaintiff Wye's TransUnion credit file on April 2, 2026 — 65 days after the purported loan transfer to Barclays Bank PLC on January 27, 2026. A servicer that accesses a consumer credit report after transferring or losing its interest in the underlying loan account has no permissible purpose under 15 U.S.C. Section 1681b. *Hinkle v. Midland Credit Management, Inc.,* 827 F.3d 1295 (11th Cir. 2016).

45. This post-transfer credit inquiry corroborates the concealed beneficial ownership scheme alleged in the First Cause of Action. If Shellpoint had no continuing interest in the loan as of January 27, 2026, the April 2, 2026 inquiry had no permissible purpose. If Shellpoint retained a continuing interest after the purported transfer, the transfer was not genuine.

46. Plaintiff sent credit dispute letters to all three major credit bureaus in May 2026. Under 15 U.S.C. Section 1681s-2(b), Shellpoint had duties to investigate and correct. Shellpoint's failure to do so constitutes an independent violation.

47. Plaintiff is entitled to actual damages, statutory damages of $100 to $1,000 per violation, punitive damages, and attorney fees under 15 U.S.C. Sections 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Padmini Anne Wye respectfully requests:

1. A declaration that the January 27, 2026 foreclosure sale is void ab initio;

2. Quiet title in Plaintiff's name, free and clear of all five void instruments;

3. Cancellation of Instrument Nos. 2024032597, 2025023390, 2025028565, and 2026009039;

4. Damages for wrongful foreclosure, concealed beneficial owner scheme, securities violations, and FCRA violations in amounts proven at trial;

5. Damages under 11 U.S.C. Section 362(k) for willful automatic stay violation, including actual damages, costs, attorney fees, and punitive damages;

6. Punitive damages under Civil Code Section 3294 based on the malicious conduct alleged herein;

7. Attorney fees under all applicable fee-shifting statutes;

8. Costs of suit;

9. A preliminary and permanent injunction enjoining all Defendants from taking any action to obtain or transfer possession of the Property pending final judgment;

10. An order under FRCP 17(a)(1) requiring Defendants to identify all CHNGE Mortgage Trust 2022-4 certificateholders as real parties in interest;

11. Actual damages, statutory damages, punitive damages, and attorney fees under the Fair Credit Reporting Act; and

12. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully,

Dated: June 11, 2026                    By: */s/ Peter Winkler, Esq.*

                                        Peter Winkler, Esq. (SBN 92377)
                                        PETER WINKLER LAW OFFICE
                                        Attorney for Plaintiff Padmini Anne Wye

SECOND AMENDED COMPLAINT - 13

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Marin, State of California. My business address is 104-A Main Street Tiburon, California 94920-2510.

On June 11, 2026, I served true copies of the following document(s) described as **SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

Ghidotti Berger, LLP
Crystle Lindsey
Shannon Doyle, Esq. (SBN 207291)
1920 Old Tustin Ave Santa Ana, CA 92705
clindsey@ghidottiberger.com
Airess Taylor, ataylor@ghidottiberger.com
Claudia Hanson | Ghidotti Berger LLP | chanson@ghidottiberger.com
Attorney for: BARCLAYS BANK, LP, U.S. Bank National Trust Association, as Trustee of the LB-Ranch Series V Trust; SECURITY NATIONAL MASTER HOLDING COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)


Matthew B. Learned, Esq.
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
MaLearned@MccarthyHolthus.com
Melissa Robbins Coutts, mcoutts@mccarthyholthus.com
Briana Torres, BTorres@mccarthyholthus.com
Attorney for: QUALITY LOAN SERVICE CORPORATION


**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.


I declare under the laws of the United States of America that the foregoing is true and correct.


Executed on: June 11, 2026                    By: */s/ Peter Winkler*
                                                 Peter Winkler

SECOND AMENDED COMPLAINT - 14