UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00820-SPG-CTS | Date | August 21, 2026 |
| Title | Padmini Anne Wye v. Barclays Bank, L.P., et al. | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) AMENDED ORDER TO SHOW CAUSE WHY DEFENDANTS' MOTION FOR SANCTIONS SHOULD NOT BE GRANTED [ECF NOS. 49, 49-2]**

On July 14, 2026, Defendant Quality Loan Service Corporation ("QLS") filed a Motion for Sanctions against Plaintiff Padmini Anne Wye ("Plaintiff") and her attorney Peter Winkler ("Winkler"), pursuant to Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 49-2 ("Motion.")). In the Motion, QLS argues that Plaintiff's Second Amended Complaint re-alleges issues that have already been decided by this Court. (Mot. at 12–13).[1] QLS also alleges that Plaintiff seeks to relitigate a bankruptcy court's in rem order before this Court. (Mot. at 14–15).

An attorney is subject to Rule 11 sanctions when he presents to the court "claims, defenses, and other legal contentions," that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing exsisting law or for establishing new law." Fed. R. Civ. P. 11(b)(2). When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). Rule 11 also subjects litigants to potential sanctions for insisting upon a position after it is "no longer tenable." *See Salhotra v. Simpson Manufacturing Co.*, No. 24-7349, 2026 WL 910204, at *2 (9th Cir. 2026) (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment, subdivisions (b) and (c)).

[1] Page references herein correspond to the pagination generated by the Court's electronic filing system (ECF).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00820-SPG-CTS | Date | August 21, 2026 |
| Title | Padmini Anne Wye v. Barclays Bank, L.P., et al. | | |

Under Local Rule 7-9 of the Local Rules of the Central District of California, "[e]ach opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will reply in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion." Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure] 56 may not be granted solely based on the failure to file an opposition."

QLS noticed the Motion for hearing on August 19, 2026, attaching as an exhibit proof of service of the Motion on Plaintiff. *See* (ECF No. 49-3). As a result, under Local Rule 7-9, Plaintiff's response was due on July 29, 2026. *See* C.D. Cal. L.R. 7-9. To date, Plaintiff has not filed an opposition to the Motion. Therefore, the Court hereby ORDERS Plaintiff to show cause why Quality's motion should not be granted. Plaintiff may satisfy the OSC by filing an opposition to Quality's motion within fourteen (14) days from the date of this Order. In any such opposition, Plaintiff shall explain their failure to respond to the Motion and why the Court should not issue sanctions. Failure to respond may result in the Court granting the Motion. *See* C.D. Cal. L.R. 7-12.

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Opposition to the Motion is due within 14 days of the issuance of this Order;
2. QLS's Reply is due within 7 days of Plaintiff's Opposition;
3. The hearing date of August 19, 2026, is hereby continued until September 23, 2026, at 1:30 pm; and
4. The previous briefing dates set forth in the Court's Order, which belatedly appeared on the docket at ECF No. 51, are hereby vacated.

**IT IS SO ORDERED.**

________ : ________

Initials of Preparer pg